Citation Nr: AXXXXXXXX
Decision Date: 07/30/21 Archive Date: 07/30/21

DOCKET NO. 210709-171196
DATE: July 30, 2021

ORDER

Service connection for bilateral hearing loss is granted.

FINDING OF FACT

Resolving reasonable doubt in the Veteran's favor, his bilateral hearing loss is at least as likely as not related to in-service noise exposure.

CONCLUSION OF LAW

The criteria for service connection for bilateral hearing loss are met. 38 U.S.C. §§ 1110, 5107(b); 38 C.F.R. §§ 3.102, 3.303(b), 3.385.

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served on active duty in the U.S. Air Force from September 1964 to June 1969 with additional service in the Air Force Reserves. He was awarded the Vietnam Service Medal with one bronze star and the Republic of Vietnam Campaign Medal.

The rating decision on appeal was issued in June 2021 and constitutes an initial decision; therefore, the modernized review system, also known as the Appeals Modernization Act (AMA), applies. In the July 2021 VA Form 10182, Decision Review Request: Board Appeal, the Veteran elected the Direct Review docket. Therefore, the Board may only consider the evidence of record at the time of the agency of original jurisdiction (AOJ) decision on appeal. 38 C.F.R. § 20.301.

Evidence was added to the claims file during a period of time when new evidence was not allowed. As the Board is deciding the claim of service connection for bilateral hearing loss, it may not consider this evidence in its decision. 38 C.F.R. § 20.300. The Veteran may file a Supplemental Claim and submit or identify this evidence. 38 C.F.R. § 3.2501. If the evidence is new and relevant, VA will issue another decision on the claim, considering the new evidence in addition to the evidence previously considered. Id. Specific instructions for filing a Supplemental Claim are included with this decision.

Bilateral Hearing Loss

The Veteran contends that his bilateral hearing loss is related to in-service hazardous noise exposure.

Service connection may be granted for disability resulting from disease or injury incurred in or aggravated by active service. 38 U.S.C. §§ 1110, 5107; 38 C.F.R. § 3.303. The three-element test for service connection requires evidence of: (1) a current disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the current disability and the in-service disease or injury.

Certain chronic diseases, including organic disease of the nervous system such as hearing loss, will be presumed related to service if they were shown as chronic in service; or, if they manifested to a compensable degree within a presumptive period following separation from service; or, if they were noted in service, with continuity of symptomatology since service that is attributable to the chronic disease. 38 U.S.C. §§ 1101, 1112, 1113, 1137; 38 C.F.R. §§ 3.303, 3.307, 3.309.

For VA compensation purposes, impaired hearing will be considered a disability when the auditory threshold in any of the frequencies 500, 1000, 2000, 3000, or 4000 Hertz is 40 decibels or greater; or when the auditory thresholds for at least three of the frequencies 500, 1000, 2000, 3000, or 4000 Hertz are 26 decibels or greater; or when speech recognition scores using the Maryland CNC Test are less than 94 percent. 38 C.F.R. § 3.385.

The AOJ found that the Veteran has hearing loss for VA compensation purposes. Additionally, the AOJ found that the Veteran was exposed to hazardous noise during service based on his military occupational specialty. The Board is bound by these favorable findings. 38 C.F.R. § 3.104(c). Accordingly, the first two elements of service connection are established.

Regarding the third element, nexus, the evidence consists of a June 2021 VA medical opinion and a June 2021 private medical opinion.

In June 2021, the VA examiner opined that the Veteran's hearing loss is less likely than not caused by or a result of military service. The rationale stated that although there is no entrance examination available, the discharge examination in April 1969 shows normal hearing for VA purposes, which is objective evidence of no permanent auditory damage on active duty from conceded noise. The examiner also stated that there is no report of complaints or treatment for hearing decrease in the Veteran's service treatment records or at separation and there must be a nexus of auditory damage to relate current hearing loss to military noise and not another etiology.

The Board finds that the June 2021 VA opinion is inadequate because it improperly relies on normal audiometric tests at separation. Moreover, the rationale is speculative because the entrance examination is not of record. Accordingly, the opinion is afforded little probative weight.

The Veteran submitted a private medical opinion in June 2021. The private physician opined that it is more likely than not that the Veteran's bilateral hearing loss was caused by noise exposure that took place during military service. No rationale was provided. As such, the opinion is afforded little probative weight.

The Board finds the evidence for and against nexus is in equipoise. Resolving reasonable doubt in the Veteran's favor, the Board finds the criteria for service connection for bilateral hearing loss are met. Gilbert v. Derwinski, 1 Vet. App. 49 (1990); 38 U.S.C. § 5107; 38 C.F.R. § 3.102.

 

 

JOHN Z. JONES

Veterans Law Judge

Board of Veterans' Appeals

Attorney for the Board T. Kernen, Associate Counsel

The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.